**PHILIPPINES, MICRONESIA & ORIENT NAVIGATION COMPANY, Plaintiff–Appellant,**

v.

**NYSA–ILA PENSION TRUST FUND, The Board of Trustees of the NYSA–ILA Pension Trust Fund, the New York Shipping Association, The NYSA–ILA Fringe Benefit Escrow Fund, The International Longshoremen's Association (AFL–CIO), Defendants–Appellees.**

No. 1340, Docket 90–7152.

United States Court of Appeals, Second Circuit.

Argued May 23, 1990.

Decided July 11, 1990.

view of section 146. The case is reported in Spanish at 90 JTS 23 and CA 90–23. We were also provided with a copy of the official English translation.

Peter M. Panken, New York City (John K. Diviney, Stacey B. Babson, Parker Chapin Flattau & Klimpl, New York City, of counsel), for plaintiff-appellant.

Kevin Marrinan, New York City (Thomas W. Gleason and Ernest L. Mathews, Jr., New York City, of counsel), for defendant-appellee International Longshoremen's Ass'n (AFL–CIO), and co-counsel to defendants-appellees NYSA–ILA Pension Trust Fund and its Bd. of Trustees, and NYSA–ILA Fringe Benefits Escrow Fund.

C. Peter Lambos, Donato Caruso, (Nicholas G. Maglaras, William M. Spelman, Jr., Lambos & Giardino, New York City, of counsel), for defendant-appellee New York Shipping Ass'n, Inc., and co-counsel to defendants-appellees NYSA–ILA Pension Trust Fund and its Bd. of Trustees, and NYSA–ILA Fringe Benefits Escrow Fund.

Before VAN GRAAFEILAND, MESKILL and WALKER, Circuit Judges.

PER CURIAM:

Philippines, Micronesia & Orient Navigation Company ("PM & O"), a maritime carrier, appeals from a summary judgment of the United States District Court for the Southern District of New York (Cannella, J.) dismissing its action for a declaratory

judgment and the refund of assessments paid to the NYSA–ILA Pension Trust Fund. PM & O sought a judicial declaration that it was not an "employer" of employee participants in the NYSA–ILA Pension Trust Fund and therefore was not liable under ERISA because of its withdrawal from the multiemployer trust plan. We affirm the district court's judgment.

From 1979 to 1985, PM & O, like most other carriers calling at the Port of New York, required the services of an independent stevedore company to unload its ships. As part of the cost of such services, PM & O paid tonnage assessments to the New York Shipping Association ("NYSA"), which in turn were paid to the NYSA–ILA Pension Trust Fund. When, in 1985, PM & O discontinued its operations at the Port of New York, the Fund sought to assess withdrawal liability in accordance with the provisions of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381, *et seq.*

█ PM & O's principal argument against this imposition of withdrawal liability is that it was not the "employer" of the ILA longshoremen who unloaded its ships, as that term is used in 29 U.S.C. § 1381(a). In making this argument, PM & O relies upon the common law definition of "employer", which looks to such factors as control and supervision of the work, the payment of wages and the right to hire and fire. However, by now, it is well established that the common law definition does not control in cases such as this, where, although independent stevedore companies hire the longshoremen who perform the unloading, the carriers rather than the stevedore companies contribute to the Union's Pension Trust Fund. *See, e.g., Bowers v. Transportacion Maritima Mexicana, S.A.,* 901 F.2d 258, 261–62 (2d Cir.1990); *Korea Shipping Corp. v. NYSA–ILA Pension Trust Fund,* 880 F.2d 1531 (2d Cir.1989); *Delta Steamship Lines, Inc. v. NYSA–ILA Pension Trust Fund,* 688 F.Supp. 1560 (S.D.N.Y.1988), *aff'd,* 880 F.2d 1531 (2d Cir. 1989). The district court correctly concluded that PM & O was a section 1381(a) "employer."

█ Whether PM & O was a NYSA member is not of controlling significance on the issue of whether PM & O was a withdrawing employer under the statute. In PM & O's contract with its stevedore company, PM & O agreed to pay the tonnage and Joint Security Program assessments and container royalties called for in the Labor Agreement between the NYSA and the ILA. PM & O also signed a separate agreement in which it subscribed to the Collective Bargaining Agreement between the NYSA and the ILA, including the provisions therein contained relating to hourly and tonnage contributions. PM & O's obligations under these agreements were not made contingent on its membership in the NYSA.

█ Although PM & O had made the questioned payments for at least five years pursuant to the terms of the written agreements; it now seeks a refund pursuant to section 403 of ERISA, 29 U.S.C. § 1103. It has not shown, however, that these payments were made under a mistake of fact. Moreover, PM & O has no valid claim that the promises to make the payments, *per se,* violated section 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e). *See Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 83, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982). It is not entitled to a refund. *See* section 403(c)(2)(A)(ii).

The judgment of the district court is affirmed.